UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ST. PAUL FIRE & MARINE INSURANCE COMPANY,

Plaintiff,

v.

CENTEX HOMES,

Defendant.

No. 2:14-cv-2885-JAM-KJN

ORDER

Presently before the court is defendant Centex Homes' ("Centex") motion to compel plaintiff St. Paul Fire & Marine Insurance Company ("Travelers") to produce the named insured claim notes developed in connection with an insurance claim concerning an underlying construction defect action tendered under an insurance contract to which Centex is an additional insured. (ECF No. 26.) Centex also seeks discovery sanctions against Travelers in the amount of $10,000.00 for refusing to produce the claim notes in this case after being ordered to do so in several similar matters. (Id.)

The court heard this matter on its December 10, 2015 law and motion calendar. Attorney Seaton Tsai appeared on behalf of Travelers. Attorney Jeffrey Hayes appeared on behalf of Centex. The undersigned has fully considered the parties' briefs, the parties' oral arguments, and appropriate portions of the record. For the reasons that follow, the court denies Centex's motion

to compel without prejudice to later renewal and directs Travelers to provide Centex with an updated privilege log concerning the named insured claim notes at issue.

I. Background

This case is one of many between Travelers and Centex currently pending in this district and other courts throughout the state of California. Centex was sued, along with its subcontractor, Ad Land Venture ("Ad Land") for alleged construction defects in an action filed in California State court (the "Willow Bend Action"). Travelers had issued an insurance policy to Ad Land as a named insured that also insured Centex as an additional insured for liability arising out of Ad Land's work. On December 4, 2014, Centex tendered a claim to Travelers under the policy for the Willow Bend Action. Travelers filed suit in this case over a dispute that arose between Travelers and Centex regarding their respective duties in handling the Willow Bend Action. In particular, Travelers asserts that it has a right to control the defense of Centex in the Willow Bend Action and Centex objects to Travelers' attempts to appoint David Lee of Lee, Hernandez, Landrum, Garofalo & Blake as counsel to Centex in that action.

Centex contends that Mr. Lee has previously engaged in unethical conduct and will focus Centex's defense in the Willow Bend Action on an outcome that is favorable to Travelers at the expense of Centex. More specifically, it argues that because another Travelers insured under the policy, Ad Land, is involved in the Willow Bend Action, and is, in fact, the target of a cross-complaint filed by Centex in that action, Travelers could dictate that Mr. Lee attempt to show that liability resulted from the work of a subcontractor other than Ad Land, while Centex's interest lies with demonstrating that any damage in that action was caused at least in part by Ad Land. Centex claims that if it were to have independent counsel, it could freely argue that Ad Land should bear the bulk of the liability in the Willow Bend Action.

In furtherance of its defense in the present case, Centex served document requests on Travelers requesting, among other things:

> Any and all DOCUMENTS and COMMUNICATIONS that RELATE TO YOUR coverage decision on Ad Land Venture's tender to YOU for defense and indemnity of the WILLOW BEND ACTION, including but not limited to YOUR claim file and claim notes.

(Declaration of Jeffrey M. Hayes In Support of Joint Statement Re: Discovery Disagreement ("Hayes Decl.") Exh. A, ECF No. 32-1 at 11.)

On May 29, 2015 Travelers responded to this request with the following boilerplate objection:

> The foregoing General Objections are incorporated herein by reference. This Request is also objected to on the grounds that the request is vague and ambiguous. Responding Party further objects to the Request on the basis that it is vague, ambiguous, overbroad and unduly burdensome to Responding Party, as Responding Party utilizes hundreds of different applications in order to view, store or recover DOCUMENTS and COMMUNICATIONS. Responding Party objects to this request to the extent such documents are already in the possession, custody or control of Propounding Party and/or are equally available to the Propounding Party. Responding Party objects to this Request to the extent it seeks documents neither relevant to the subject matter nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this Request to the extent that it seeks information which is protected from disclosure by the trade secret, proprietary, litigation, mediation and/or other applicable privileges, or that are immune from disclosure. Moreover, Responding Party objects to this Request to the extent it seeks documents protected by the attorney client privilege and/or the attorney work product doctrine. Finally, this request calls for a legal conclusion and the premature disclosure of expert opinion information.

(Id. at Exh. B, ECF No. 32-1 at 36.) On June 15, 2015, Travelers provided Centex with a privilege log stating that it was withholding, among other documents, the named insured (Ad Land) claim notes relating to the Willow Bend Action. (Id. at Exh. C, ECF No. 32-1 at 45-50.) Travelers later provided Centex with a revised privilege log on October 16, 2015 concerning the remaining responsive documents it was withholding, including the named insured claim notes.[1] (Id. at Exh. I, ECF No. 32-3 at 4-5.) In response, Centex filed the present motion to compel production of the named insured claim notes. (ECF No. 26.)

////

[1] This privilege log lists the claim notes at issue in the parties' present discovery dispute as item 5 on the list of withheld documents. (Hayes Decl. at Exh. I, ECF No. 32-3 at 4). A copy of this privilege log is attached below.

II. Requests for Judicial Notice

As an initial matter, both Travelers and Centex request that the court take judicial notice of a number of orders that have been issued in other cases between the parties. (ECF Nos. 29, 31.) Neither request is opposed.

Travelers requests judicial notice of: (1) Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment in Travelers Property Casualty Company of America v. Centex Homes, N.D. Cal. Case No. C 10-02757 CRB; (2) Order Granting in Part and Denying in Part Cross-Motions for Partial Summary Judgment in Travelers Property Casualty Company of America, et al. v. Centex Homes, N.D. Cal. Case No. 11-3638-SC; (3) Minute Order Ruling on Demurrer filed on November 5, 2013 in Centex Homes v. Accelerated Waterproofing, Inc., Superior Court of California, County of Riverside, Case No. RIC 1306704; (4) Order on Submitted Matters filed on December 3, 2013 in Nello Mazzoni, et al. v. Centex Homes, Superior Court of California, County of Placer, Case No. SCV 031148; (5) Order Granting Summary Adjudication, filed on March 28, 2014 in Afsari v. Centex Homes, Alameda County Superior Court Case No. RG11593529; (6) Order Denying Centex's Motion for Summary Adjudication, filed on March 10, 2014 in Deusenberry v. Centex, Riverside County Superior Court Case No. RIC 1105565; (7) Minute Order, filed on April 24, 2014 in Humphreys v. Centex, San Bernardino County Superior Court Case No. CIVDS 1302259; (8) Law and Motion Minute Order, filed on April 21, 2014 in Centex Homes v. Windows by Advanced, Fresno County Superior Court Case No. 13CECG02959; (9) Order Denying Special Motion to Strike First Amended Complaint filed on January 16, 2013 in Travelers Property Casualty Company of America v. KB Home Coastal, Inc., et al., United States District Court, Central District of California, Case No. CV 12-7198 DSF (JCx); (10) Order re Travelers' Motion for Partial Summary Judgment filed on July 7, 2014, in Fidelity and Guaranty Insurance Company v. KB Home Coastal, Inc., et al. ("FGIC v. KB"), United States District Court, Central District of California, case No. CV13-00946 JAK (DTBx); (11) Statement of Decision, filed on April 24, 2015 in the trial of consolidated Tulare County Superior Court cases Centex Homes v. Alan Crane dba A.L. Drywall, et al. (Case No. 252502), Diaz, et al. v. Centex Homes, et al. (Case No. 248289), Centex Homes, et al. v. A.L. Drywall,

Inc., et al. (Case No. 252974), Centex Real Estate Corp. v. A.L. Drywall, Inc., et al. (Case No. 252823), Centex Homes, et al. v. Adam Alan Spano dba California Countertops, et al. (Case No. 253964), and Scott, et al. v. Centex Homes, et al. (Case No. 250840); (12) Law and Motion Minute Order, filed on June 2, 2014 in Castro v. Centex Homes, Fresno County Superior Court Case No. 11CECG03485 JH; (13) Notice of Ruling, filed on July 17, 2014 in O'Neil v. Centex Homes, San Bernardino County Superior Court Case No. CIVDS 1109835; (14) Order Granting Plaintiff's Motion for Partial Summary Judgment Denying Defendants' Motion for Partial Summary Judgment filed on February 11, 2015 in Travelers Property Casualty Company of America v. Kaufman & Broad Monterey Bay, Inc, et al., Northern District of California case No 5:13-cv-04745-EJD; (15) Court's Ruling Following Court Trial filed on April 1, 2015 in Centex v. Ad Land Venture, Sacramento County Superior Court case No. 34-2011-00112151; and (16) American Bar Association Standing Committee on Ethics and Professional Responsibility Formal Opinion 282. (ECF No. 29.)

Travelers requests judicial notice of: (1) Order re: Joint Ex Parte Application re: Outstanding Discovery Disputes, dated April 21, 2015 in Travelers Indemnity Company of Connecticut, et al. v. Centex Homes, et al., Central District of California Case No. EDCV 14-965 FMO (PJWx); (2) Order Submitting and Vacating Hearing on Pending Discovery Motions, Granting in Part and Denying In Part Defendants' First Motion to Compel, and Denying Defendants' Second Motion to Compel, dated June 3, 2015 in St. Paul Fire and Marine Insurance Company, et al. v. Centex Homes, et al., Central District of California, Case No. EDCV 14-1216 AB (JCx); (3) Order Granting Motion to Compel, in Travelers Indemnity Company of Connecticut v. Centex Homes, et al., Central District of California, Case No. EDCV 14-2590 JAK (JCGx); (4) Motion to Compel, Transcript of Proceedings, held on July 16, 2015, before Magistrate Judge Jay C. Gandhi in Travelers Indemnity Company of Connecticut v. Centex Homes, et al., Central District of California, Case No. EDCV 14-2590 JAK (JCGx); (5) Order re: Travelers' Motion for Partial Summary Judgment, filed July 7, 2014, in Fidelity and Guarantee Insurance Company et al. v. KB Home Coastal, Inc., et al., Central District of California, Case

No. LACV 13-00946 JAK (DTBx); (6) Order Granting Motions to Compel, filed Oct. 2, 2015, in Fidelity and Guaranty Insurance Company et al. v. Centex Homes et al., Eastern District of California, Case No. 1:14-cv-00826-LJO-GSA; and (7) Order, filed November 19, 2015, in St. Paul Fire and Marine Insurance Company v. Centex Homes, Eastern District of California, Case No. 2:14-cv-2640 WBS-CKD. (ECF No. 31.)

A judicially noticed fact must be one not subject to reasonable dispute in that it is either "(1) generally known within the territorial jurisdiction of the trial court or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). Judicially noticed facts often consist of matters of public record, such as prior court proceedings, see, e.g., Emrich v. Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir. 1988); administrative materials, see, e.g., Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); or other court documents, see, e.g., Rothman v. Gregor, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of a filed complaint as a public record). Federal courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue." U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992). While the court may take judicial notice of the fact of filing or existence and the general meaning of words, phrases, and legal expressions, documents are judicially noticeable only for the purpose of determining what statements have been made, not to prove the truth of the contents. Cactus Corner LLC v. U.S. Dept. of Agric., 346 F. Supp. 2d 1075, 1100 (E.D. Cal. 2004) (citing Hennessy v. Penril Datacomm Networks, Inc., 69 F.3d 1344, 1354-55 (7th Cir. 1995)).

The court grants the parties' requests for judicial notice to the extent they demonstrate that the respective orders have been issued in other cases. The documents are not, however, properly judicially noticeable for the facts or legal conclusions stated therein. Missud v. Nevada, 861 F. Supp. 2d 1044, 1054 (N.D. Cal. 2012) ("While many of these documents (i.e., filing and order in other court proceedings) are judicially noticeable for certain purposes, such as to demonstrate the existence of other court proceedings, they are not judicially noticeable for Mr. Missud's purpose,

which is to demonstrate that his arguments and allegations against Defendants are true."). However, the court finds Travelers' request for judicial notice number 16, American Bar Association Standing Committee on Ethics and Professional Responsibility Formal Opinion 282, to be inconsequential to the court's determination of the present motion. Therefore, the court declines to take judicial notice of that document at this time.

III. Discussion

As of December 1, 2015, Federal Rule of Civil Procedure 26(b)(1) was amended to provide the following standards regarding the scope of discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iv) a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B).

Here, the named insured claim notes Centex seek to compel could bear on Centex's claimed need for independent counsel. The central thrust of Centex's allegations in this action is that there was a conflict of interest between Centex and Ad Land and that Travelers was aware of that conflict. Accordingly, information pertaining to Travelers' coverage of Ad Land is relevant to determine the scope and nature of that conflict.

Despite the apparent relevance of the discovery sought by Centex, Travelers maintains that the named insured claim notes have been withheld on the basis of numerous privileges. However, Travelers has failed to make a prima facie showing that the claim notes it is withholding are privileged. Travelers' single entry for the claim notes in its updated privilege log provided to Centex on October 16, 2015, fails to provide Centex and the court with a sufficient foundation on which to determine whether the privilege grounds asserted by Travelers actually

apply to the claim notes it is withholding. Indeed, the log provided to Centex lumps all of the withheld named insured claim notes, which Travelers claims were developed over the course of a nine month period, into a single entry that does not provide any information that would allow the court to meaningfully determine whether the privileges asserted with respect to these notes actually apply. (See Hayes Decl., Exhibit I.) Accordingly, the court cannot at this time determine whether all, some, or none of the named insured claim notes Travelers is currently withholding are privileged or should be produced in response to Centex's discovery requests. Therefore, the court orders Travelers to provide Centex with an updated privilege log that includes for ***each individual named insured claim note*** withheld: (1) the Bates stamp numbers for each page;(2) the name(s) of the author(s) and recipient(s), if any; (3) a description of the document that provides a sufficient context to discern the privilege(s) asserted; (4) and a brief description of the basis on which Travelers is claiming a privilege.[2] Travelers shall provide this updated privilege log within 30 days of the date of this order.

IV. Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Within 30 days of the date of this order, Travelers shall provide Centex with an updated privilege log regarding the named insured claim notes it has withheld. The updated privilege log shall include for ***each individual named insured claim note*** withheld: (1) the Bates stamp numbers for each page;(2) the name(s) of the author(s) and recipient(s), if any; (3) a description of the document that provides a sufficient context to discern the privilege(s) asserted; (4) and a brief description of the basis on which Travelers is claiming a privilege.

[2] It appears that Travelers has previously been able to provide Centex with an updated privilege log that reveals at least this much information in other similar cases where Travelers has withheld named insured claim notes on the basis of the privileges asserted here. Indeed, Centex has attached as "Exhibit P" to the declaration of Gregory Hayes in support of its motion to compel a copy of an updated privilege log regarding the named insured claim notes at issue in another similar action between the parties that appears to address Travelers' privilege claim on a note-by-note basis and provides additional information with regard to each withheld note, such as the author(s) and recipient(s) and a basic description of each note's contents. (Hayes Decl., Exh. P.) The court fully expects that Travelers should be able to provide at least as much information in its updated privilege log in this case, and if it cannot, that it makes its reasons why it cannot do so clear in its updated privilege log.

2. Centex's motion to compel (ECF No. 26) is denied without prejudice to later renewal. If after reviewing the updated privilege log provided by Travelers pursuant to this order Centex believes Travelers is still withholding any named insured claim notes on an improper basis, then it may renew its motion to compel and specifically identify which note or notes it believes Travelers is improperly withholding.

3. Centex's request for discovery sanctions is denied without prejudice to later renewal. Centex may renew its request upon a showing that Travelers' updated privilege log continues to provide insufficient information on which to discern the privileges asserted therein.

IT IS SO ORDERED.

Dated: December 18, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE